NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYHEED JEFFERSON, | Civil Action No. 21-1272 (SRC) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Tyheed Jefferson's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255.  (ECF No. 1).  The Government filed a response to the motion (ECF No. 6), to which Petitioner replied.  (ECF No. 7).  For the reasons set forth below, this Court will deny the motion and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

In its decision affirming Petitioner's sentence, the Third Circuit summarized the background of this matter as follows:

> From 2014 to 2017, [Petitioner] and several relatives illegally bought firearms in Georgia and transported them to New Jersey. After law enforcement determined some firearms were related to criminal activity, the Bureau of Alcohol, Tobacco, Firearms and Explosives and local law enforcement in New Jersey launched an investigation.  During the seven-month investigation, [Petitioner] and his relatives sold 39 firearms to a confidential informant. [Petitioner] also sold the informant ammunition, several high-capacity magazines, and 1503 ecstasy pills.

1

> [Petitioner] pleaded guilty to six counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(viii). According to the Presentence Investigation Report (PSR), [Petitioner's] criminal history score was 16, so he qualified as a career offender. With a total offense level of 36 and a criminal history category VI, [Petitioner's] advisory Guidelines range was 324 to 405 months' imprisonment.
>
> At sentencing, [Petitioner] objected to several aspects of the PSR. After rejecting all but one of [his] objections, the District Court lowered [Petitioner]'s offense level to 32, resulting in a final Guidelines range of 210 to 262 months' imprisonment. The District Court then considered the 18 U.S.C. § 3553(a) factors, opining that the "situation is appalling" in view of [Petitioner's] history and offenses. Nonetheless, the Court imposed a sentence at the bottom of the Guidelines range – 210 months' imprisonment – in recognition of [Petitioner's] health problems and his efforts to minimize the damage of his actions.

(ECF No. 1 at 23-24).

Petitioner appealed his sentence, initially arguing that his criminal history score was overstated because four of his prior convictions were consolidated for sentencing and should have been considered a single incident in calculating his history. (*Id.*). The Third Circuit rejected this argument, finding that each was related to separate arrests and events occurring on different days, and that they were therefore not truly a single criminal incident, but separate incidents which all must be counted as part of Petitioner's criminal history. (*Id.* at 24). Petitioner also argued that this Court improperly applied a two-point enhancement to Petitioner's sentence for possession of a stolen firearm, but the Court of Appeals rejected that claim finding the enhancement was well supported by the record and in any event the enhancement was harmless as Petitioner was already above the offense level cap under the guidelines for his crimes prior to its application. (*Id.* at 25). The Court of Appeals likewise rejected Petitioner's challenge to his aggravating role enhancement as there was ample evidence to suggest that Petitioner's gun sales amounted to his acting as an

organizer, leader, manager, or supervisor of a criminal organization warranting the enhancement, notwithstanding the lack of a conspiracy charge in his indictment. (*Id.*). The Third Circuit also rejected Petitioner's suggestion that he should not have received a gun trafficking sentencing enhancement as the record clearly indicated that he sold dozens of firearms and magazines to an individual who told Petitioner he was involved in gun related drug activity. (*Id.* at 26). Finally, the Court of Appeals rejected Petitioner's claim that his sentence was substantively unreasonable, finding no issue with the disparity between Petitioner's sentence and that of his family members who were not similarly situated, and that Petitioner's ultimate sentence was reasonable under the circumstances even if Petitioner's health, which this Court considered in sentencing him, rendered it unlikely that he would survive his sentence. (*Id.*). Following the failure of his appellate claims, Petitioner filed his motion to vacate his sentence in this matter.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an

3

omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962), *cert. denied* 444 U.S. 865 (1979)); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

## B. Analysis

### 1. No evidentiary hearing is necessary in this matter

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's claims are clearly without merit for the reasons set forth below, no evidentiary hearing is necessary in this matter.

### 2. Petitioner's *Rehaif* claims

In several of his claims, Petitioner contends that his guilty plea to being a felon in possession of a firearm in violation of § 922(g) was improper in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), as he was never "informed" that his guilt of that offense required proof that he knew he was a felon, a point not specifically addressed in his indictment. In *Rehaif*, the Supreme Court held that, in order to be found guilty of being a

prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm under the statute, such as an individual who was previously convicted of a felony, at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194. *Rehaif*, however, "did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Guerrero v. Quay*, No. 20-39, 2020 WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019)). A petitioner will not be entitled to relief under *Rehaif* unless he can show that he was actually prejudiced by the alleged error – which in the case of a guilty plea requires a showing that "there is a reasonable probability that he would have gone to trial rather than plead guilty" had he known of the *Rehaif* knowledge element. *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021). Demonstrating such prejudice "will be difficult for most convicted felons for one simple reason: Convicted felons typically know that they're convicted felons." *Id.* (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)).

In this matter, Petitioner utterly fails to show that he was prejudiced by the alleged *Rehaif* error. During his plea-colloquy, Petitioner readily admitted that he had previously been convicted of a crime punishable by more than one year. (Docket No. 18-cr-00165 at ECF No. 51 at 23). More to the point, during the plea colloquy Petitioner admitted that he possessed the firearms "knowing that [he was] a convicted felon" and that he "knew it was against the law to possess those handguns being a convicted felon." (*Id.* at 24). Petitioner thus admitted the element *Rehaif* requires at his plea colloquy – both that he was a felon, and that he *knew* that he was a felon at the time he possessed the weapons in question. Thus, even though his indictment may not have specifically charged the element – not surprising in light of the two year gap between Petitioner's

guilty plea and the decision in *Rehaif* – Petitioner admitted to it and it is completely clear that even if Petitioner had been told that such knowledge was a requirement for a § 922(g) conviction, he still would have pled guilty. Petitioner's *Rehaif* claims are therefore without merit.

### 3. Petitioner's career offender guideline challenges

In his next series of claims, Petitioner challenges the application of a career offender enhancement at sentencing on numerous grounds: (1) that his trial counsel was ineffective in *correctly* advising him that he would be found to be a career offender;[1] (2) that this Court improperly found him to be a career offender by failing to treat four of his prior convictions as a single incident; (3) that the career offender enhancement was not accompanied by the filing of a special information as needed to increase the statutory penalties pursuant to 21 U.S.C. § 841; and (4) that his prior drug crimes cannot support a career offender enhancement following *Mathis v. United States*, 136 S. Ct. 2243 (2016), because they are no longer predicate offenses. All of these arguments, however, are endemic of Petitioner losing sight of the forest to focus on the trees. Here,

---

[1] Petitioner contends that his attorney told him that a 2005 conviction rendered him a career offender, while the ultimate determination also included a consideration of later convictions. Petitioner contends that this disagreement with counsel over whether he was a career offender led to him losing the potential benefit of plea offers other than the one to which he pled guilty. While counsel, in Petitioner's eyes, may have been incorrect as to which conviction ultimately triggered career offender status, he was correct that Petitioner qualified under the sentencing guidelines as a career offender. Thus, had Petitioner been correctly advised, it does not appear that the outcome of plea proceedings would have been different – Petitioner was not interested in pleading guilty with the understanding that he would be sentenced as a career offender. In any event, Petitioner has not identified any specific prior plea agreement, offered by the Government, that he would have accepted had he been "properly" advised, and thus cannot make out a showing of prejudice on such a claim. *See Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012) (prejudice in the context of a plea agreement requires a showing that a different outcome would have occurred – *i.e.*, that a different plea deal was available and that Petitioner would have accepted that specific deal). That the plea bargaining process may have "cooled" is not sufficient to support a showing of ineffective assistance of counsel in the absence of proof of a specific plea deal which would have been accepted.

Petitioner's criminal history category was a level VI *even before consideration of the career offender guideline*. Petitioner's being labeled a career offender under the guidelines therefore did not affect his ultimate sentence, especially considering the downward sentencing variance that this Court granted at sentencing. Petitioner was therefore not prejudiced by the application of the guideline, and his challenges to the applicability of the guideline cannot serve as a basis for relief in this matter. *See Fry v. Pliler*, 551 U.S. 112, 115-16 (2007) (even constitutional claims will not warrant collateral relief where they did not have a substantial and injurious effect upon the outcome of the trial); *see also Judge v. United States*, 119 F. Supp. 3d 270, 280-81 (D.N.J. 2015) (ineffective assistance claim requires showing of prejudice).

Moreover, the Court of Appeals already rejected Petitioner's claim that this Court improperly calculated his criminal history category, including his career offender status, by treating the four crimes discussed above as separate criminal interests. To the extent Petitioner attempts to relitigate this claim here, he is barred from doing so because the claim has previously been rejected by the appellate court. *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986); *see also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (issues resolved in a prior direct appeal will not be reviewed again by way of § 2255 motion). Finally, the Government was not required to file a special information pursuant to 21 U.S.C. § 851 – such a filing is only necessary where the Government is seeking an increased *statutory* sentencing range. While the career offender guideline can increase a defendant's ultimate sentence within a given statutory range, it does not affect that statutory range, and therefore does not require the filing of an enhancement information. *See, e.g., United States v. Diehl*, 65 F. App'x 839, 841 (3d Cir. 2003). As Petitioner was not prejudiced by counsel's advice that he was a career offender – which he most certainly was – and

was not otherwise prejudiced by the application of the career offender guideline in this matter as his criminal history category had reached the maximum before considering the guideline, his career offender related claims serve as no basis for habeas relief and are denied.

### 4. Petitioner's gun trafficking enhancement claim

Petitioner next argues that he was improperly labeled a gun trafficker under the guidelines based on a probation officer's "opinion" and that he should not have been so categorized. Petitioner raised this issue before the Third Circuit on direct appeal, and the Court of Appeals found that the evidence in this matter clearly supported the application of the gun trafficking enhancement. (*See* ECF No. 1 at 25-26). As the Court of Appeals explained the evidence in this matter indicated that Petitioner sold dozens of firearms and numerous magazines to the Government's informant. It is that evidence, and not simply a probation officer's opinion, which resulted in the application of the gun trafficking guideline enhancement, and nothing Petitioner has submitted would in any way affect the applicability of that enhancement. In any event, because Petitioner challenged the enhancement on direct appeal and his challenge was rejected, he may not relitigate that matter here. *DeRewal*, 10 F.3d at 105 n. 4.

### 5. Petitioner's ineffective assistance of counsel claims

In his next series of claims, Petitioner contends that his sentencing counsel proved ineffective by failing to file motions challenging various sentencing enhancements and his criminal history category prior to his sentencing hearing. The standard applicable to Petitioner's claims of ineffective assistance of counsel is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687*; see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the

> prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

In his ineffective assistance of counsel claims, Petitioner contends that sentencing counsel should have requested various hearings to "prove" that his co-defendants were not part of a criminal organization with Petitioner, to prove that some of the firearms found at his relatives house were not his, and that the informant had told him on one occasion that he was not a gang member. Petitioner also contends that counsel should have "informed" him that one of the firearms at the home of his co-conspirator was stolen, which resulted in a two-point enhancement to his sentence for possessing a stolen firearm. Turning first to this last argument, as the Third Circuit explained, Petitioner was not prejudiced by the stolen firearm enhancement – it did not increase his ultimate guidelines range as he was already above the maximum for the crime in question and this Court in any event ultimately departed and provided Petitioner with a lower sentence based on counsel's arguments at sentencing. As Petitioner was clearly not prejudiced by counsel's alleged "failure" to inform Petitioner of the stolen gun issue, he cannot show that he received ineffective assistance of counsel as a result. *Judge*, 119 F. Supp. 3d at 280-81.

As to his remaining claims of ineffective assistance, Petitioner provides no evidence other than his own bald assertions in support of his claim that counsel could have secured a lower sentence by trying to "prove" that Petitioner's co-conspirators were not part of an organization with Petitioner or that the confidential informant to whom Petitioner illegally sold guns may have once stated that he was not a gang member. Petitioner provides no certifications or documentary evidence to support his assertions, nor does he even delineate what testimony he himself would have provided as to each of these assertions. Given that the evidence, as recounted by the Third Circuit on direct appeal, clearly indicated that Petitioner was part, indeed a significant part, of a

10

gun trafficking organization and that Petitioner made statements to the informant indicating his knowledge that the informant had claimed to be involved in illegal and gang related activity, Petitioner's bare allegations fail to show that counsel could have proven any of the facts Petitioner now wishes he had pursued. As Petitioner has therefore failed in any way to show that the outcome of his sentence would have been different had counsel pursued these erroneous arguments, Petitioner has failed to make out a claim of prejudice, and his remaining ineffective assistance claims are therefore without merit. *Palmer*, 592 F.3d at 395.

### 6. Petitioner's sentencing factor manipulation claim

In his final merits claim, Petitioner argues that the Government's investigation and sting operation in his criminal matter amounts to improper sentencing factor manipulation in violation of the Due Process Clause. Essentially, a sentencing factor manipulation claim asserts that the Government "unfairly strung out their investigation solely to increase" Petitioner's ultimate sentence. *United States v. Sed*, 601 F.3d 224, 229 (3d Cir. 2010). The Third Circuit has continually "declined to take a definitive stance on the viability of" a sentencing factor manipulation claim as a basis for a reduced sentence. *United States v. Washington*, 869 F.3d 193, 210 (3d Cir. 2017). In its broadest formation, a claim of sentencing factor manipulation requires a petitioner to show that the Government engaged in a "longer-than-needed investigation or extraordinary sting operation to unfairly exaggerate the defendant's sentencing range" such that his sentence became unconstitutional. *United States v. Kirshner*, 995 F.3d 327, 338 n.2 (3d Cir. 2021).

In this matter, Petitioner contends that the ATF committed such a violation when it did not immediately arrest him for the initial sales to a government informant, and instead chose to follow Petitioner to New York, and ultimately Newark, before arresting him with additional weapons he

intended to sell to the informant. Even if this Court were to assume that sentencing factor manipulation were a viable claim in this Circuit, Petitioner has failed to make out such a claim. Nothing he has submitted shows that the ATF's conduct amounted to an unfair exaggeration of its investigation – that the ATF waited for Petitioner to arrive at his final destination with a cache of weapons he intended to traffic was hardly unfair – his ultimate sentence would not have been affected had he instead been arrested en route, and the Government is entitled to some discretion in determining when to arrest given individuals involved in an ongoing investigation. As Petitioner has not shown that the investigation into his conduct was unduly or unfairly exaggerated nor that any delay in his arrest was undertaken solely to enhance his sentence, and as sentencing factor manipulation is not a clear ground for relief in this circuit in any event, his manipulation claim is without merit and is denied.

**7. Petitioner's request for counsel**

In his last claim Petitioner requests that he be assigned counsel. Petitioners in habeas proceedings have no automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. The courts look to three factors in making that determination: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case,

and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, Civil Action No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015). As all of the claims Petitioner raised in this matter are clearly without merit for the reasons discussed above, the appointment of counsel is not warranted in this matter. *Id.* Petitioner's request for appointed counsel is denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's claims are without merit for the reasons discussed above, his motion is not adequate to deserve encouragement to proceed further, and Petitioner is therefore denied a certificate of appealability.

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

s/Stanley R. Chesler  
Hon. Stanley R. Chesler,  
United States District Judge

Dated: February 17, 2022