UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**TYHEED JEFFERSON,**

      **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

      **Respondent.**

Civil Action No. 21-1272 (SRC)

**MEMORANDUM OPINION**

**IT APPEARING THAT:**

1. On or about January 29, 2021, Petitioner filed his motion to vacate sentence in this matter. (ECF No. 1).

2. Petitioner thereafter filed a motion seeking discovery. (ECF No. 8.) This Court denied that motion by way of an order entered January 6, 2022, which found that Petitioner's request was essentially an improper fishing expedition seeking to rake through a wide variety of alleged documents, which may or may not exist, for any fragments of support for Petitioner's claims. (ECF No. 11.)

3. This Court thereafter denied Petitioner's motion to vacate sentence on February 17, 2022. (ECF Nos. 15-16.)

4. Petitioner appealed that order. (ECF No. 18.) On July 1, 2022, however, the Third Circuit denied Petitioner a certificate of appealability and dismissed his appeal as "jurists of reason would not debate [this Court's] denial of his motion [to vacate sentence]." (ECF No. 20.)

5. On September 23, 2022, Petitioner filed with this Court a letter seeking "permission" to file a Rule 60(b) motion challenging the denial of his motion to vacate sentence. (ECF No. 21.) In his motion, Petitioner essentially presents two arguments – that the denial of his discovery

motion amounted to a "fraud" by the Court as the Court "denied" him the documents he believed he needed to pursue his challenge, and that he be permitted to "attack" his sentence on a new basis asserting that counsel misled him into admitting facts during his plea colloquy which undercut the *Rehaif* claim he attempted to raise in his original motion to vacate sentence. (*Id.*)  Although styled as a request for permission, this motion is itself essentially a motion seeking to vacate the Court's denial of his discovery motion and motion to vacate sentence brought pursuant to Rule 60(b).

6. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."  *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987).  While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one.  The movant must show 'extraordinary circumstances' to justify reopening a final judgment."  *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536).  "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'"  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

7. Where a habeas petitioner seeks in his Rule 60(b) motion to raise a new claim for relief which was not contained in his original motion to vacate sentence, including claims raising "newly discovered evidence," his motion is not in fact a Rule 60(b) motion, but instead "is in substance a

successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 530-32. District Courts are without jurisdiction to consider second or successive motions to vacate sentence unless and until the petitioner seeks and is granted leave to file such a motion by the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3). Where a habeas petitioner files a second or successive motion to vacate sentence without previously been granted leave to do so by the court of appeals, this Court is required to either dismiss the motion for lack of jurisdiction or transfer the motion to the Third Circuit as an application for leave to file a second or successive § 2255 motion. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Transfer, however, will only be warranted where the claim presented in the second or successive motion *prima facie* satisfies one of the criteria for the granting of leave presented in § 2244(b)(2). *Id.* Only two types of claims will on their face be able to satisfy those criteria – claims based on newly discovered evidence which was not previously available and which would establish by clear and convincing evidence that no reasonable juror could find the petitioner guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 22244(b)(2).

8. In his Rule 60(b) motion, Petitioner first argues that the denial of his discovery motion as an overbroad fishing expedition was a "fraud" committed by the Court in violation of Rule 60(b)(3). Rule 60(b)(3), however, generally requires that a party show that the *adverse party* engaged in fraud or other misconduct which prejudiced the moving party's case. *See, e.g., Gethers v. PNC Bank*, 812 F. App'x 64, 67 (3d Cir. 2020). Petitioner makes no such assertion here, but merely contends that he believes this Court erred in denying his discovery motion. Petitioner's motion thus truly arises under Rule 60(b)(6), and not 60(b)(3). Putting that issue aside, Petitioner presents no basis for the reconsideration or overturning of the denial of his discovery motion.

Although Petitioner may disagree with this Court's conclusion that his discovery request was an overbroad fishing expedition not permitted by the habeas rules, that is exactly what his motion was. This Court did not err in denying his motion for discovery, and that denial presents no basis for relief under Rule 60(b). *See United States v. Noyes*, 589 F. App'x 51, 53 (3d Cir. 2015).

9. In his remaining claim, Petitioner asserts that he believes he should be permitted to reopen this matter to pursue a new claim – that plea counsel proved ineffective in conducting the factual basis for Petitioner's plea as counsel led Petitioner to admit that he knew he was a felon at the time he possessed firearms and knew that it was illegal for him to do so at the time of possession,[1] facts which ultimately proved fatal to Petitioner's failed attempt to raise a *Rehaif* claim. This claim was not presented in Petitioner's motion to vacate sentence, and is an entirely new claim for relief. Under *Gonzalez*, Petitioner's second Rule 60(b) claim is thus clearly in substance a second or successive motion to vacate sentence – it seeks to have the denial of his petition vacated so that he can pursue an entirely new ground for relief. As Petitioner has not received certification from the Court of Appeals, this Court is without jurisdiction to hear that claim. *Gonzalez*, 545 U.S. at 530-32; 28 U.S.C. § 2244(b)(3). This Court must therefore dismiss the motion unless it *prima facie* satisfies one of the two criteria set out in § 2244(b)(2), in which case it must be transferred to the Court of Appeals. As Petitioner's new claim is not based on newly discovered evidence nor rests on a new retroactive rule of constitutional law, he does not

---

[1] Although Petitioner contends that this amounts to "ineffective assistance of counsel," this Court would be hard pressed to find such a claim to be anything other than disingenuous. Petitioner is essentially attempting to fault his plea counsel for conducting a full and thorough factual basis on the grounds that doing so prevented him from attacking his prior conviction on a technicality based on an unforeseen and considerable shift in the law two years *after* the plea colloquy. Although the Court need not and does not reach the merits of that claim here as the Court is without jurisdiction to do so, the Court does note that one would be hard pressed indeed to find counsel deficient in doing his duty to ensure a thorough and complete factual basis was presented to ensure that his client's plea agreement was brought to fruition.

satisfy those criteria, and there is therefore no basis for a transfer. Petitioner's second Rule 60(b) claim is therefore dismissed as a second or successive motion to vacate sentence brought without leave. *Hawkins*, 614 F. App'x at 582.

       7. In conclusion, Petitioner's discovery related Rule 60(b) claim is **DENIED** and his remaining Rule 60(b) claim (ECF No. 21) is **DISMISSED WITHOUT PREJUDICE** as a successive habeas petition brought without leave of the Court of Appeals. An appropriate order follows.

                                                                                                                      s/ Stanley R. Chesler
                                                                                                                     Hon. Stanley R. Chesler,
                                                                                                                     United States District Judge

Dated: September 27, 2022